IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **South Carolina Politics Club,** an unincorporated association on behalf of itself and its members; Jeremy Turner; and Adam Gainey, | ) ) ) ) | C/N: <u>2:18-cv-2335-RMG</u> |
| | ) | |
| Plaintiffs, | ) | |
| **v.** | ) | |
| | ) | |
| **Stephen C. Osborne,** in his official capacity as Interim President of the College of Charleston; | ) ) ) | |
| **Brian R. McGee,** in his official capacity as Provost and Executive Vice President of Academic Affairs of the College of Charleston, and in his individual capacity; | ) ) ) ) | **DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT** |
| **Alicia D. Caudill,** in her official capacity as Executive Vice President for Student Affairs of the College of Charleston, and in her individual capacity; | ) ) ) ) | **(Jury Trial Demanded)** |
| **Michael Duncan,** in his official capacity as Associate Vice President for Student Involvement, and in his individual capacity; | ) ) ) | |
| **Christine Workman,** in her official capacity as Director of Student Life of the College of Charleston, and in her individual capacity; | ) ) ) | |
| **Jill Caldwell,** in her official capacity as Associate Director of Student Life Organizations, Programming and Events of the College of Charleston, and in her individual capacity, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES

**COME NOW**, the Defendants identified as Stephen C. Osborne, Brian R. McGee, Alicia

D. Caudill, Michael Duncan, Christine Workman, and Jill Caldwell (collectively referred to herein

as "Defendants", by and through their undersigned counsel, and Answer Plaintiffs' heretofore filed Complaint as follows:

**<u>FOR A FIRST DEFENSE, AND BY WAY OF ANSWER</u>**

1.      Paragraph 1 of the Complaint appears to be a narrative introduction to Plaintiffs' view of this case. It is merely descriptive of Plaintiffs' opinions of the matters involved in this action and, as such, requires neither admission nor denial.  Insofar as a response is required, Defendants deny such allegations and strict proof is demanded thereof.

2.      Defendants admit the allegations set forth in Paragraph 2 to the extent that the South Carolina Politics Club (hereinafter "SCPC") applied to become a Registered Student Organization (hereinafter "RSO") and that SCPC's application was denied.  Defendants also admit that the denial of RSO status prevents any nonregistered student organization from meeting as an RSO and from being able to have access to a fund containing mandatory student activity fees into which all students at the College of Charleston (hereinafter "College") pay.  Regarding any allegation not specifically admitted in this paragraph, Defendants deny such allegations and strict proof is demanded thereof.

3.      Defendants would refer the Court to the documents containing information about the events therein alleged for the best evidence of those events. Insofar as a response is required, Defendants deny such allegations and strict proof is demanded thereof.

4.      The first sentence of Paragraph 4 is denied.  Defendants would refer the Court to the documents containing information about the events therein alleged for the best evidence of those events. The last three sentences are merely descriptive of the nature of Plaintiffs' assertions or intentions in filing this action and as such requires neither admission nor denial.  Insofar as a response is required, Defendants deny such allegations and strict proof is demanded thereof.

5.      Paragraph 5 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and demand strict proof thereof.  Defendants would refer the Court to the documents containing information about the events therein alleged for the best evidence of those policies.

6.      Paragraph 6 is merely descriptive of the nature of Plaintiffs' assertions or intentions in filing this action and as such requires neither admission nor denial.  Insofar as a response is required, Defendants deny such allegations and strict proof is demanded thereof.

## JURISDICTION AND VENUE

7.      Defendants acknowledge the Court's jurisdiction under federal law, however Paragraph 7 sets forth legal conclusions and Defendants are not obligated to admit or deny the allegations contained therein.

8.      Defendants acknowledge the Court's federal claims jurisdiction, however Paragraph 8 sets forth legal conclusions and Defendants are not obligated to admit or deny the allegations contained therein.

9.      Defendants acknowledge the Court's authority to issue declaratory relief, however Paragraph 9 sets forth legal conclusions and Defendants are not obligated to admit or deny the allegations contained therein.

10.      Defendants acknowledge the Court's authority to issue injunctive relief, however Paragraph 10 sets forth legal conclusions and Defendants are not obligated to admit or deny the allegations contained therein.

11. Defendants acknowledge the Court's authority to award damages, however Paragraph 11 sets forth legal conclusions and Defendants are not obligated to admit or deny the allegations contained therein.

12. Defendants acknowledge the Court's authority to award attorney's fees, however Paragraph 12 sets forth legal conclusions and Defendants are not obligated to admit or deny the allegations contained therein.

13. Defendants acknowledge that venue is proper in the District of South Carolina, however Paragraph 13 sets forth legal conclusions and Defendants are not obligated to admit or deny the allegations contained therein.

## INTRADISTRICT ASSIGNMENT

14. Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 14. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

## PLAINTIFFS

15. Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 15. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

16. Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 16. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

17.     Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 17. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

18.     Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 18. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

19.     Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 19. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

20.     Defendants deny the allegations in Paragraph 20.

21.     Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 21. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

22.      Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 22. To the extent a response is required, Defendants deny such allegations and demand strict proof thereof.

23.     Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 23. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

24.      Paragraph 24 is admitted to the extent Jeremy Turner is an individual, full-time student at the College.  Defendants are without sufficient information to admit or deny Mr. Turner's current involvement with SCPC.

25.    Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 25. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

26.    Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 26. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

27.    Paragraph 27 is admitted to the extent Adam Gainey is an individual, full-time student at the College.  Defendants are without sufficient information to admit or deny Mr. Gainey's current involvement with SCPC.

28.    Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 28. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

29.    Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 29. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

## **DEFENDANTS**

30.    Defendants admit the allegations as set forth in Paragraph 30.

31.    Answering Paragraph 31, Defendant Osborne would refer the Court to documents setting forth the powers and duties of the President of the College of Charleston for the best evidence of the nature of those powers and duties.  Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

32.     Answering Paragraph 32, Defendant Osborne would refer the Court to documents setting forth the powers and duties of the President of the College of Charleston for the best evidence of the nature of those powers and duties.  Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

33.     Answering Paragraph 33, Defendant Osborne would refer the Court to documents setting forth the powers and duties of the President of the College of Charleston for the best evidence of the nature of those powers and duties.  Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

34.     Paragraph 34 is denied and strict proof is demanded thereof.

35.     Paragraph 35 sets forth legal conclusions which can neither be admitted nor denied. Defendant Osborne would further refer the Court to documents setting forth the powers and duties of the President of the College of Charleston for the best evidence of the nature of those powers and duties.  Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

36.     Answering Paragraph 36, Defendant Osborne refers to those documents establishing and governing the executive and administrative duties of the College of Charleston, otherwise Defendants deny such allegations and strict proof is demanded thereof.

37.     Answering Paragraph 37, Defendants refer to those documents establishing and governing the executive and administrative duties of the President of the College of Charleston, otherwise Defendants deny such allegations and strict proof is demanded thereof.

38. Answering Paragraph 38, Defendant Osborne is sued in his official capacity and is merely descriptive and as such requires neither admission nor denial. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

39. Defendant McGee admits the allegations as set forth in Paragraph 39.

40. Answering Paragraph 40, Defendant McGee would refer the Court to documents setting forth the powers and duties of the Provost and Executive Vice President of Academic Affairs of the College of Charleston for the best evidence of the nature of those powers and duties. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

41. Answering Paragraph 41, Defendant McGee would refer the Court to documents setting forth the powers and duties of the Provost and Executive Vice President of Academic Affairs of the College of Charleston for the best evidence of the nature of those powers and duties. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

42. Answering Paragraph 42, Defendant McGee would refer the Court to documents setting forth the powers and duties of the Provost and Executive Vice President of Academic Affairs of the College of Charleston for the best evidence of the nature of those powers and duties. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

43. Paragraph 43 is denied and strict proof is demanded thereof.

44. Paragraph 44 is denied and strict proof is demanded thereof.

45. Answering Paragraph 45, Defendant McGee would refer the Court to documents setting forth the powers and duties of the Provost and Executive Vice President of Academic

Affairs of the College of Charleston for the best evidence of the nature of those powers and duties. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

46.     Answering Paragraph 46, Defendant McGee would refer the Court to documents setting forth the powers and duties of the Provost and Executive Vice President of Academic Affairs of the College of Charleston for the best evidence of the nature of those powers and duties. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

47.     Paragraph 47 alleges Defendant McGee is sued in his official capacity and is merely descriptive and as such requires neither admission nor denial.  To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

48.     Defendants admit the allegations as set forth in Paragraph 48.

49.     Answering Paragraph 49, Defendant Caudill would refer the Court to documents setting forth the powers and duties of the Executive Vice President of Student Affairs of the College of Charleston for the best evidence of the nature of those powers and duties.  Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

50.     Answering Paragraph 50, Defendant Caudill would refer the Court to documents setting forth the powers and duties of Executive Vice President of Student Affairs of the College of Charleston for the best evidence of the nature of those powers and duties.  Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

51.     Answering Paragraph 51, Defendant Caudill would refer the Court to documents setting forth the powers and duties of the Executive Vice President of Student Affairs of the College of Charleston for the best evidence of the nature of those powers and duties. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

52.     Answering Paragraph 52, Defendant Caudill would refer the Court to documents setting forth the powers and duties of the Executive Vice President of Student Affairs of the College of Charleston for the best evidence of the nature of those powers and duties. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

53.     Answering Paragraph 53, Defendant Caudill would refer the Court to documents setting forth the powers and duties of the Executive Vice President of Student Affairs of the College of Charleston for the best evidence of the nature of those powers and duties. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

54.     Answering Paragraph 54, Defendant Caudill admits Paragraph 54.

55.     Answering Paragraph 55, Defendant Caudill would refer the court to document setting forth the powers and duties of the Executive Vice President for Student Affairs of The College of Charleston.

56.     Paragraph 56 calls for a conclusion of law which the Defendant is required to neither admit nor deny.

57.     Defendants admit the allegations as set forth in Paragraph 57.

58.     Answering Paragraph 58, Defendant Duncan would refer the Court to documents setting forth the powers and duties of the Associate Vice President for Student Involvement of the College of Charleston for the best evidence of the nature of those powers and duties.  Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

59.     Answering Paragraph 59, Defendant Duncan would refer the Court to documents setting forth the powers and duties of the Associate Vice President for Student Involvement of the College of Charleston for the best evidence of the nature of those powers and duties.  Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

60.     Answering Paragraph 60, Defendant Duncan denies Paragraph 60.

61.     Answering Paragraph 61, Defendant Duncan denies Paragraph 61.

62.     Answering Paragraph 62, Defendants deny Paragraph 62.

63.     Paragraph 63 is denied and strict proof is demanded thereof.

64.     Paragraph 64 is denied and strict proof is demanded thereof.

65.     Answering Paragraph 65, Defendant Duncan would refer the Court to documents setting forth the powers and duties of the Associate Vice President for Student Involvement of The College of Charleston for the best evidence of the nature of those powers and duties.  The Defendant admits to supervisory authority over Christine Workman who in turn has supervisory authority over Jill Cauldwell.

66.     Paragraph 66 calls for a conclusion of law which the Defendants are required neither to admit nor deny.

67.     Defendants admit the allegations as set forth in Paragraph 67.

68.     Answering Paragraph 68, Defendant Workman would refer the Court to documents setting forth the powers and duties of the Director of Student Life at the College of Charleston for the best evidence of the nature of those powers and duties.  Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

69.     Answering Paragraph 69, Defendant Workman would refer the Court to documents setting forth the powers and duties of the Director of Student Life at the College of Charleston for the best evidence of the nature of those powers and duties.  Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

70.     Answering Paragraph 70, Defendant Workman would refer the Court to documents setting forth the powers and duties of the Director of Student Life at the College of Charleston for the best evidence of the nature of those powers and duties.  Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

71.     Paragraph 71 is denied and strict proof is demanded thereof.

72.     Paragraph 72 is denied and strict proof is demanded thereof.

73.     Answering Paragraph 73, Defendant admits Paragraph 73.

74.     Answering Paragraph 74, Defendant Workman denies Paragraph 74 and demands strict proof thereof.

75.     Answering Paragraph 75, Defendant Workman would refer the Court to documents setting forth the powers and duties of the Director of Student Life at the College of Charleston for the best evidence of the nature of those powers and duties.  Insofar as such allegations attempt to

establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

76.    Paragraph 76 calls for a conclusion of law which Defendant Workman is required to neither admit nor deny.

77.    Defendants admit the allegations as set forth in Paragraph 77.

78.    Answering Paragraph 78, Defendant Caldwell would refer the Court to documents setting forth the powers and duties of the Associate Director of Student Life Organizations, Programming and Events at the College of Charleston for the best evidence of the nature of those powers and duties.  Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

79.    Answering Paragraph 79, Defendant Caldwell would refer the Court to documents setting forth the powers and duties of the Associate Director of Student Life Organizations, Programming and Events at the College of Charleston for the best evidence of the nature of those powers and duties.  Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

80.    Answering Paragraph 80, Defendant Caldwell would refer the Court to documents setting forth the powers and duties of the Associate Director of Student Life Organizations, Programming and Events at the College of Charleston for the best evidence of the nature of those powers and duties.  Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

81.    Answering Paragraph 81, Defendant Caldwell would refer the Court to documents setting forth the powers and duties of the Associate Director of Student Life Organizations, Programming and Events at the College of Charleston for the best evidence of the nature of those

powers and duties.  Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

82.    Answering Paragraph 82, Defendant Caldwell would refer the Court to documents setting forth the powers and duties of the Associate Director of Student Life Organizations, Programming and Events at the College of Charleston for the best evidence of the nature of those powers and duties.  Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

83.    Answering Paragraph 83, Defendant Caldwell denies Paragraph 83.

84.    Answering Paragraph 84, Defendant Caldwell would refer the Court to documents setting forth the powers and duties of the Associate Director of Student Life Organizations, Programming and Events at the College of Charleston for the best evidence of the nature of those powers and duties.  Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

85.    Paragraph 85 calls for a conclusion of law which the Defendant Caldwell is required to neither admit nor deny.

## STATEMENT OF FACTS

**RSO Registration Policy**

86.    Paragraph 86 is denied and strict proof is demanded thereof.

87.    Paragraph 87 is denied and strict proof is demanded thereof.

88.    Paragraph 88 is admitted upon information and belief.

89.    Paragraph 89 is admitted upon information and belief.

90.    Paragraph 90 is admitted upon information and belief.

91.    Paragraph 91 is admitted, however Defendants would refer the Court to the documents containing information about the events therein alleged for the best evidence of those events.

92.    Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 92. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

93.    Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 85. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

94.    Paragraph 94 is admitted, however Defendants would refer the Court to the documents themselves for the best evidence of the College's polices, practices and procedures.

95.    Paragraph 95 is admitted, however Defendants would refer the Court to the documents themselves for the best evidence of the College's polices, practices and procedures.

96.    Paragraph 96 is admitted, however Defendants would refer the Court to the documents themselves for the best evidence of the College's polices, practices and procedures.

97.    Paragraph 97 is admitted, however Defendants would refer the Court to the documents themselves for the best evidence of the College's polices, practices and procedures.

98.    Paragraph 98 is admitted, however Defendants would refer the Court to the documents themselves for the best evidence of the College's polices, practices and procedures.

99.    Paragraph 99 is admitted, however Defendants would refer the Court to the documents themselves for the best evidence of the College's polices, practices and procedures.

100.     Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 100. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

101.     Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 101. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

102.     Paragraph 102 is admitted to the extent of the cited language from the College's *The Compass: A Guide for Student Organizations,* however Defendants would refer the Court to the document itself for the best evidence of the College's polices, practices and procedures.

103.     Paragraph 103 is admitted, however Defendants would refer the Court to the documents themselves for the best evidence of the College's polices, practices and procedures.

104.     Paragraph 104 is admitted, however Defendants would refer the Court to the documents themselves for the best evidence of the College's polices, practices and procedures.

105.     Paragraph 105 is admitted, however Defendants would refer the Court to the documents themselves for the best evidence of the College's polices, practices and procedures.

106.     Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 106. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

107.     Paragraph 107 is admitted however Defendants would refer the Court to the documents themselves for the best evidence of the College's polices, practices and procedures.

108.     Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 108. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

109.     Paragraph 109 is denied and strict proof is demanded thereof.

110.     Paragraph 110 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

111.     Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 111. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

112.     Paragraph 112 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

113.     Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 113. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

114.     Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 114. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

115.     Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 115. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

116.     Paragraph 116 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

117.    The first statement in Paragraph is 117 is denied.    Regarding the quotation, Defendants would refer the Court to the documents themselves for the best evidence of the College's polices, practices and procedures.

118.    Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 118. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

**RSO Funding Policy**

119.    Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 119. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

120.    Paragraph 120 is admitted, however Defendants would refer the Court to the documents themselves for the best evidence of those polices, practices and procedures.

121.    Paragraph 121 is admitted, however Defendants would refer the Court to the documents themselves for the best evidence of those polices, practices and procedures.

122.    Paragraph 122 is admitted, however Defendants would refer the Court to the documents themselves for the best evidence of those polices, practices and procedures.

**A.    Contingency Funding**

123.    Paragraph 123 is admitted, however Defendants would refer the Court to the documents themselves for the best evidence of those polices, practices and procedures.

124.    Paragraph 124 is admitted, however Defendants would refer the Court to the documents themselves for the best evidence of those polices, practices and procedures.

125.    Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 125. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

126.    Paragraph 126 is admitted to the extent it is directly quoting from *The Compass: A Guide for Student Organizations* and craves reference to that document for the best evidence of those polices, practices and procedures.

127.    Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 127. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

128.    Paragraph 128 is denied and demands strict proof thereof.

129.    Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 129. To the extent a response is required, Defendants deny such allegations and demand strict proof thereof.

130.    Paragraph 130 is denied and strict proof is demanded thereof.

131.    Paragraph 131 is admitted, however Defendants would refer the Court to the documents themselves for the best evidence of those polices, practices and procedures.

132.    Paragraph 132 is admitted, however Defendants would refer the Court to the documents themselves for the best evidence of those polices, practices and procedures.

133.    Paragraph 133 is admitted, however Defendants would refer the Court to the documents themselves for the best evidence of those polices, practices and procedures.

134.    Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 134. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

**B**.      **Semester Operating Budget**

135.      Paragraph 135 is admitted, however Defendants would refer the Court to the documents themselves for the best evidence of those polices, practices and procedures.

136.      Paragraph 136 is admitted, however Defendants would refer the Court to the documents themselves for the best evidence of those polices, practices and procedures.

137.      Paragraph 137 is admitted, however Defendants would refer the Court to the documents themselves for the best evidence of those polices, practices and procedures.

138.      Paragraph 138 is admitted, however Defendants would refer the Court to the documents themselves for the best evidence of those polices, practices and procedures.

139.      Paragraph 139 is admitted, however Defendants would refer the Court to the documents themselves for the best evidence of those polices, practices and procedures.

140.      Paragraph 140 is admitted, however Defendants would refer the Court to the documents themselves for the best evidence of those polices, practices and procedures.

141.      Paragraph 141 is admitted, however Defendants would refer the Court to the documents themselves for the best evidence of those polices, practices and procedures.

142.      Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 142. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

143.      Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 143. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

144.      Paragraph 144 is admitted, however Defendants would refer the Court to the documents themselves for the best evidence of those polices, practices and procedures.

145.    Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 145. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

146.    Paragraph 146 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

147.    Paragraph 147 is admitted, however Defendants would refer the Court to the documents themselves for the best evidence of those polices, practices and procedures.

148.    Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 148. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

149.    Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 149. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

150.    Paragraph 150 is denied and strict proof is demanded thereof.

**C.    Start-up Budgets**

151.    Paragraph 151 is admitted upon information and belief.

152.    Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 152. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

153.    Paragraph 153 is admitted, however Defendants would refer the Court to the documents themselves for the best evidence of those polices, practices and procedures.

154.    Paragraph 154 is admitted, however Defendants would refer the Court to the documents themselves for the best evidence of those polices, practices and procedures.

155.    Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 155. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

156.    Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 156. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

157.    Paragraph 157 is denied and strict proof is demanded thereof.

158.    Paragraph 158 is admitted upon information and belief.

159.    Paragraph 159 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

160.    Paragraph 160 is admitted upon information and belief.

161.    Paragraph 161 is denied and strict proof is demanded thereof.

**The College denied SCPC's RSO application and thus excluded SCPC from First Amendment Forums.**

162.    Paragraph 162 is denied.

163.    Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 163. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

164.     Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 164. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

165.     Paragraph 165 is admitted to the extent they are not allowed funding from the mandatory student activity fee as an unregistered organization.

166.     Paragraph 166 is admitted upon information and belief.

167.     Paragraph 167 is admitted upon information and belief.

168.     Paragraph 168 is admitted upon information and belief.

169.     Paragraph 169 is admitted upon information and belief.

170.     Paragraph 170 is admitted, however Defendants would refer the Court to the documents containing information about the events therein alleged for the best evidence of those events.

171.     Paragraph 171 is admitted, however Defendants would refer the Court to the documents containing information about the events therein alleged for the best evidence of those events.

172.     Paragraph 172 is admitted, however Defendants would refer the Court to the documents containing information about the events therein alleged for the best evidence of those events.

173.     Paragraph 173 is admitted, however Defendants would refer the Court to the documents containing information about the events therein alleged for the best evidence of those events.

174.     Paragraph 174 is admitted upon information and belief.

175.     Paragraph 175 is denied and strict proof is demanded thereof.

176.    Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 176. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

177.    Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 177. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

178.    Paragraph 178 is admitted upon information and belief.

179.    Paragraph 179 is admitted upon information and belief.

180.    Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 180. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

181.    Defendants deny that Emily Ramsayer is a named Defendant in this litigated matter. Defendants, however, admit the remainder of Paragraph 181 upon information and belief. Defendants would refer the Court to the documents containing information about the events therein alleged for the best evidence of those events.

182.    Paragraph 182 is admitted, however, Defendants would refer the Court to the documents containing information about the events therein alleged for the best evidence of those events.

183.    Paragraph 183 is admitted, however, Defendant Caldwell would refer the Court to the documents containing information about the events therein alleged for the best evidence of those events.

184.    Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 184. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

185.    Defendant Caldwell is without sufficient information to admit or deny the allegations set forth in Paragraph 185. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

186.    Answering Paragraph 186, Defendants would refer the Court to the documents containing information about the events therein alleged for the best evidence of those events.

187.    Answering Paragraph 187, Defendant Duncan would refer the Court to the documents containing information about the events therein alleged for the best evidence of that event.  Insofar as such allegations attempt to establish liability on the part of the Defendant Duncan, Defendants would deny same and strict proof is demanded thereof.

188.    Answering Paragraph 188, Defendant Duncan would refer the Court to the documents containing information about the events therein alleged for the best evidence of that event.  Insofar as such allegations attempt to establish liability on the part of the Defendant Duncan, Defendants would deny same and strict proof is demanded thereof.

189.    Answering Paragraph 189, Defendant Duncan would refer the Court to the documents containing information about the events therein alleged for the best evidence of that event.  Insofar as such allegations attempt to establish liability on the part of the Defendant Duncan, Defendants would deny same and strict proof is demanded thereof.

190.    Answering Paragraph 190, Defendant Duncan would refer the Court to the documents containing information about the events therein alleged for the best evidence of that

event. Insofar as such allegations attempt to establish liability on the part of the Defendant Duncan, Defendants would deny same and strict proof is demanded thereof.

191.    Answering Paragraph 191, Defendant Duncan would refer the Court to the documents containing information about the events therein alleged for the best evidence of that event. Insofar as such allegations attempt to establish liability on the part of the Defendant Duncan, Defendants would deny same and strict proof is demanded thereof.

192.    Paragraph 192 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

193.    Paragraph 193 is denied and strict proof is demanded thereof.

194.    Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 194. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

195.    Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 195. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

196.    Paragraph 196 is denied and strict proof is demanded thereof.

## STATEMENT OF LAW

197.    Paragraph 197 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

198.    Paragraph 198 is denied and strict proof is demanded thereof.

199.    Paragraph 199 is denied and strict proof is demanded thereof.

200.    Paragraph 200 is denied and strict proof is demanded thereof.

201.    Paragraph 201 is denied and strict proof is demanded thereof.

202.    Paragraph 202 is denied and strict proof is demanded thereof.

203.    Paragraph 203 is denied and strict proof is demanded thereof.

204.    Paragraph 204 is denied and strict proof is demanded thereof.

205.    Paragraph 205 is denied and strict proof is demanded thereof.

### FIRST CAUSE OF ACTION
### VIOLATION OF PLAINTIFFS'
### FIRST AMENDMENT RIGHTS

206.    Defendants adopt and incorporate their responses as stated in Paragraphs 1 through 205, above, as if fully set forth herein.

207.    Paragraph 207 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

208.    Paragraph 208 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

209.    Paragraph 209 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

210.    Paragraph 210 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

211.    Paragraph 211 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

212.    Paragraph 212 is denied and strict proof is demanded thereof.

213.    Paragraph 213 is denied and strict proof is demanded thereof.

214.    Paragraph 214 is denied and strict proof is demanded thereof.

215.    Paragraph 215 is denied and strict proof is demanded thereof.

216.    Paragraph 216 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

217.    Paragraph 217 is denied and strict proof is demanded thereof.

218.    Paragraph 218 is denied and strict proof is demanded thereof.

219.    Paragraph 219 is admitted to the extent that the RSO Registration Policy reserves to RSO the ability to access mandatory student activity fee funding.  To the extent a response is required to the remainder of the paragraph, Defendants deny such allegations and strict proof is demanded thereof.

220.    Paragraph 220 is denied and strict proof is demanded thereof.

221.    Paragraph 221 is denied and strict proof is demanded thereof.

222.    Paragraph 222 is denied and strict proof is demanded thereof.

223.    Paragraph 223 is denied and strict proof is demanded thereof.

## SECOND CAUSE OF ACTION
## VIOLATION OF PLAINTIFFS.
## FIRST AMENDMENT RIGHTS TO FREEDOM OF SPEECH

224.    Defendants adopt and incorporate their responses as stated in Paragraphs 1-223, above, as if fully set forth herein.

**RSO Registration Policy**

225.    Paragraph 225 is merely descriptive of Plaintiffs' opinions of the matters involved in this action, and as such requires neither admission nor denial.  Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

226.    Paragraph 226 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

227.    Paragraph 227 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

228.    Paragraph 228 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

229.    Paragraph 229 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and demand strict proof is demanded thereof.

230.    Paragraph 230 is denied and strict proof is demanded thereof.

231.    Paragraph 231 is denied and strict proof is demanded thereof.

232.    Paragraph 232 is denied and strict proof is demanded thereof.

233.    Paragraph 233 is denied and strict proof is demanded thereof.

234.    Paragraph 234 is denied and strict proof is demanded thereof.

235.    Paragraph 235 is denied and strict proof is demanded thereof.

236.    Paragraph 236 is denied and strict proof is demanded thereof.

237.    Paragraph 237 is denied and strict proof is demanded thereof.

238.    Paragraph 238 is denied and strict proof is demanded thereof.

239.    Paragraph 239 is denied and strict proof is demanded thereof.

**RSO Funding Policy**

240.    Paragraph 240 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

241.    Paragraph 241 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

242.    Paragraph 242 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

243.    Paragraph 243 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

244.    Paragraph 244 is denied and strict proof is demanded thereof.

245.    Paragraph 245 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

246.    Paragraph 246 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

247.    Paragraph 247 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

248.    Paragraph 248 is denied and strict proof is demanded thereof.

249.    Paragraph 249 is denied and strict proof is demanded thereof.

250.    Paragraph 250 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

251.    Paragraph 251 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

252.    Paragraph 252 is denied and strict proof is demanded thereof.

253.    Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 253. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

254.    Defendants are without sufficient information to admit or deny the allegations set forth in Paragraph 254. To the extent a response is required, Defendants deny such allegations and strict proof is demanded thereof.

255.    Paragraph 255 is denied and strict proof is demanded thereof.

256.    Paragraph 256 is denied and strict proof is demanded thereof.

257.    Paragraph 257 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

258.    Paragraph 258 is denied and strict proof is demanded thereof.

259.    Paragraph 259 is denied and strict proof is demanded thereof.

260.    Paragraph 260 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

261.    Paragraph 261 is denied and strict proof is demanded thereof.

262.    Paragraph 262 is denied and strict proof is demanded thereof.

**THIRD CAUSE OF ACTION**
**UNCONSTITUTIONAL CONDITION**

263.    Defendants adopt and incorporate their responses as stated in paragraphs 1-262, above, as if fully set forth herein.

264.    Paragraph 264 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

265.    Paragraph 265 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

266.    Paragraph 266 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

267.    Paragraph 267 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

268.    Paragraph 268 is denied and strict proof is demanded thereof.

269.    Paragraph 269 is admitted upon information and belief.

270.    Paragraph 270 is denied and strict proof is demanded thereof.

271.    Paragraph 271 is denied and strict proof is demanded thereof.

272.    Paragraph 272 is denied and strict proof is demanded thereof.

273.    Paragraph 273 is denied and strict proof is demanded thereof.

**FOURTH CAUSE OF ACTION**
**VIOLATION OF PLAINTIFF'S**
**FOURTEENTH AMENDMENT RIGHTS TO EQUAL PROTECTION**

274.    Defendants adopt and incorporate their responses as stated in paragraphs 1-273, above, as if fully set forth herein.

275.    Paragraph 275 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

276.    Paragraph 276 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

277.    Answering Paragraph 277, the Defendants have insufficient information to admit or deny thereby denies same and demands strict proof thereof.

278.    Answering Paragraph 278, the Defendants have insufficient information to admit or deny thereby denies same and demands strict proof thereof.

279.    Paragraph 279 is denied and strict proof is demanded thereof.

280.    Paragraph 280 is denied and strict proof is demanded thereof.

281.    Paragraph 281 is denied and strict proof is demanded thereof.

282.    Paragraph 282 is denied and strict proof is demanded thereof.

283.    Paragraph 283 is denied and strict proof is demanded thereof.

284.    Paragraph 284 is denied and strict proof is demanded thereof.

285.    Paragraph 285 is denied and strict proof is demanded thereof.

286.    Paragraph 286 is denied and strict proof is demanded thereof.

287.    Paragraph 287 is denied and strict proof is demanded thereof.

288.    Paragraph 288 is denied and strict proof is demanded thereof.

289.    Paragraph 289 is denied and strict proof is demanded thereof.

290.    Paragraph 290 is denied and strict proof is demanded thereof.

### FIFTH CAUSE OF ACTION
### VIOLATION OF PLAINTIFFS'
### FOURTEENTH AMENDMENT RIGHTS TO DUE PROCESS OF LAW

291.    Defendants adopt and incorporate their responses as stated in Paragraphs 1-290, above, as if fully set forth herein.

292.    Paragraph 292 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

293.    Paragraph 293 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

294.    Paragraph 294 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

295.    Paragraph 295 sets forth legal conclusions which can neither be admitted nor denied. Insofar as such allegations attempt to establish liability on the part of the Defendants, Defendants would deny same and strict proof is demanded thereof.

296.    Paragraph 296 is denied and strict proof is demanded thereof.

297.    Paragraph 297 is denied and strict proof is demanded thereof.

298.    Paragraph 298 is denied and strict proof is demanded thereof.

299.    Paragraph 299 is denied and strict proof is demanded thereof.

300.    Paragraph 300 is denied and strict proof is demanded thereof.

301.    Paragraph 301 is denied and strict proof is demanded thereof.

302.    Paragraph 302 is denied and strict proof is demanded thereof.

303.    Paragraph 303 is denied and strict proof is demanded thereof.

304.    The Defendants deny the allegations contained in the "Wherefore Clause" of the Complaint and denies that the Plaintiffs are entitled to any or all of the relief sought therein.

## DEFENSES

305.    Although Defendants have not yet had the opportunity to thoroughly investigate or conduct discovery regarding Plaintiffs' claims, they believe there may be facts establishing the availability of certain defenses.   In order to preserve those defenses, Defendants allege the following:

## SECOND DEFENSE
## (General Denial)

306.    Defendants deny each and every material averment not previously admitted hereinabove and strict proof is demanded thereof.

## THIRD DEFENSE
## (Failure to State a Claim)

307.    Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE
## (Subject Matter Jurisdiction)

308.    No justiciable case or controversy exists.

## FIFTH DEFENSE
## (Sovereign Immunity)

309.    Defendants are immune from suit pursuant to the Eleventh Amendment of the United States Constitution.

## SIXTH DEFENSE
## (Qualified Immunity)

310.    The individual Defendants were acting in the course and scope of their employment, were exercising their discretion as officers of the State of South Carolina and were acting in good faith and therefore are immune from suit.

**SEVENTH DEFENSE**
**(Qualified Immunity)**

311.    The individual Defendants at no time violated any clearly established statutory or constitutional rights which were known or should have been known to them and therefore are entitled to qualified immunity from suit.

**EIGHTH DEFENSE**

312.    Plaintiffs' claims under 42 U.S.C. § 1983 are barred by the doctrines of qualified immunity, absolute immunity, legislative immunity, quasi-judicial immunity, and Eleventh Amendment immunity.

**EIGHTH DEFENSE**
**(No Constitutional Right)**

313.    Plaintiffs' claims are barred by the lack of violation of any constitutional right by a state actor acting under the color of state law.

**ELEVENTH DEFENSE**
**(Good Faith and Reasonableness)**

314.    Defendants, at all times, acted in good faith, on reasonable grounds and without malice or intent to harm.

**TWELFTH DEFENSE**
**(Reservation of Additional Defenses)**

315.    Defendants reserve the right to assert any additional and further defenses that may be revealed by information obtained during the course of investigation and discovery as consistent with the Federal Rules of Civil Procedure.

## <u>DEFENDANTS' PRAYER</u>

**WHEREFORE**, having fully answered the Plaintiffs' Complaint, the Defendants identified as Stephen C. Osborne, Brian R. McGee, Alicia D. Caudill, Michael Duncan, Christine Workman, and Jill Caldwell do hereby pray unto the Court as follows:

1.    That the action be dismissed in its entirety, with prejudice;

2.    That the relief requested by the Plaintiffs be denied against these Defendants;

3.    That a trial by jury be had on all issues of fact arising in this cause of action should it not be dismissed;

4.    That all costs and expenses of this action, including reasonable attorney's fees, be taxed to Plaintiffs;

5.    That these Defendants have such other and further relief as this Court deems just and proper.

BARNWELL WHALEY PATTERSON
& HELMS, LLC

s/ Randell C. Stoney, Jr.
M. Dawes Cooke, Jr. (USDC #288)
Randell C. Stoney, Jr. (USDC #4333)
James M. Sullivan (USDC #12825)
288 Meeting Street, Suite 200
Charleston SC 29401
P.O. Drawer H (29402)
O: (843) 577-7700 F: (843) 577-7708
mdc@barnwell-whaley.com
rstoney@barnwell-whaley.com
jsullivan@barnwell-whaley.com

ATTORNEYS FOR DEFENDANTS

Charleston, South Carolina
October 29, 2018